UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:18-CV-00124-JHM-LLK

LOANDRIA DAHMER                                                    PLAINTIFF

v.

WESTERN KENTUCKY UNIVERSITY, et al                               DEFENDANTS

## OPINION AND ORDER

Judge Joseph McKinley referred this matter to Magistrate Judge Lanny King for

determination of nondispositive matters, pursuant to Title 28 U.S.C. 636(b)(1)(A)[1]. (Docket #7).

Plaintiff Loandria Dahmer filed a Motion for Leave to File First Amended Complaint

(Docket #32), to which Defendants Responded (Docket #34) and Plaintiff Replied. (Docket #35).

Also before the Court is Defendants' Motion to Strike Reply. (Docket #36). These matters are

now ripe for adjudication. For the reasons stated below, the Plaintiff's Motion to File First

Amended Complaint is GRANTED and Defendant's Motion to Strike Reply is DENIED.

## Background

This case arises out of allegations of gender-based discrimination experienced by

Plaintiff Dahmer during her time at WKU as a student and in her role as Student Government

Association ("SGA") President. (Docket #1 at 5). Plaintiff has filed this action against multiple

Defendants, including WKU, Timothy Caboni (President of WKU), Andrea Anderson (Title IX

---

[1] Blade v. TJX Companies, Inc., 2015 WL 4498746 at *1, n.4 (W.D. Ky. July 23, 2015) "The Sixth Circuit has not addressed whether a motion to amend is a dispositive or nondispositive motion." Tyree v. U.S. Bank, NA, 2015 WL 73656, *1 (W.D. Tenn. Jan. 6, 2015). Other Circuits have found that motions for leave to amend are non-case-dispositive matters. See Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993); Rubin v. Valicenti Advisory Services, Inc., 471 F.Supp.2d 329 (W.D.N.Y. 2007); Stonecrest Partners, LLC v. Bank of Hampton Roads, 770 F.Supp.2d 778 (E.D.N.C. 2011); Bryant v. Mississippi Power & Light Co., 722 F.Supp.298 (S.D. Miss. 1989); Sana v. Hawaiian Cruises, Ltd., 961 F.Supp. 236 (D.Haw. 1997), rev'd on other grounds, 181 F.3d 1041 (9th Cir. 1999). District Courts in the Western District of Kentucky have also found these motions to be non-dispositive. See Blade, 2015 WL 4498746.

Coordinator at WKU), and Charley Pride (SGA Advisor at WKU). (Id. at 1-2). The Complaint alleges that Defendants failed to adequately respond to gender-based discrimination suffered by Plaintiff at the hands of other SGA students, as well as staff of WKU. (Id. at 5-13). Plaintiff specifically alleges that Defendant Pride both failed to address her concerns and actively participated in the environment of gender-based harassment, and that Defendants Caboni and Anderson failed to intervene. (Id.).

On January 29, 2019, Plaintiff Dahmer tendered a Motion to File her First Amended Complaint, in accordance with the Scheduling Order in this case. (Docket #32). As a basis for the filing, Plaintiff contends that new facts have arisen through discovery that allow for additional causes of action against Defendants, particularly a retaliation claim related to a scholarship endorsement purportedly withheld by Defendant Caboni in retaliation for Plaintiff's sexual harassment claims. (Id. at 1). Plaintiff states that no Defendant would be unduly prejudiced by this filing, as discovery has only just begun, and the litigation is in its infancy. (Id.).

Defendants' Response argues three points, one aimed at each amendment sought by Plaintiff. First, Defendants argues that Plaintiff's first amendment seeks to assert claims that she does not have standing to bring. (Docket #34 at 4). Second, Defendants alleges that Plaintiff's second amendment is not supported by evidence. (Id. at 5). Third, Defendants contends that Plaintiff's third amendment would not withstand a Rule 12(b)(6) motion and would unduly prejudice Defendants. (Id. at 8).

Plaintiff's Reply focuses on three points, one regarding each proposed amendment. (Docket #35). First, Plaintiff states that she is not trying to bring additional claims via her first proposed amendment, she seeks only to add more factual information. (Id. at 1). Second,

Plaintiff asserts that her second amendment is supported by fact, and that Defendants' argument does not present the whole substance of Plaintiff's deposition testimony. (Id. at 2). Third, Plaintiff argues that she has sufficient proof at this stage to allow discovery on the retaliation claim she seeks to assert and that exclusion of the claim does not fit within the results contemplated by the Federal Rules of Civil Procedure. (Id. at 4).

## Legal Standard

Federal Rule of Civil Procedure 15(a) provides the standard for amending pleadings prior to trial. The Supreme Court has held that "leave to amend 'shall be freely given whenever justice so requires' … If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). The Court further held that amendment should be "freely given" in the absence of reasons "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Id. The decision whether to permit amendment is within the discretion of the trial court. Goldman Services Mechanical Contracting, Inc. v. Citizens Bank & Trust Co. of Paducah, 812 F.Supp. 738, 743 (W.D. Ky. 1992); see also General Elec. Co. v. Sargent & Lundy, 916 F.2d 1119, 1130 (6th Cir. 1990).

## Amendment 1: Information Regarding Annalicia Carlson

Plaintiff's first amendment seeks to include information from another SGA Executive Board member, Annalicia Carlson, about her experiences in the WKU SGA. The information alleges that Ms. Carlson also had concerns of sexual harassment, approached Defendant Pride regarding these concerns, and was harassed further by Defendant Pride himself. (Docket #32-2 at

12).  The amendment also contains allegations from Ms. Carlson that the environment of the WKU SGA was hostile, and that it is believed that Ms. Carlson filed a Title IX complaint regarding Defendant Pride with the WKU Title IX office. (Id.).

Defendants contend that this amendment must fail, because Plaintiff had the ability to present these facts at the time of filing the complaint, the amendment would not withstand a Rule 12(b)(6) motion, and Plaintiff may not bring claims on behalf of Ms. Carlson, who is a third party. (Docket #34 at 4).  Plaintiff replies that she only seeks to amend her complaint to add factual information to the Complaint, which lend credence to her own claims. (Docket #35 at 1). She does not seek to bring claims on behalf of Ms. Carlson. (Id.).

The Court finds this Amendment to be proper under Rule 15.  To prove her claim of a pervasive atmosphere of hostility and sex discrimination in SGA at WKU, the Plaintiff must show multiple instances of improper behavior by the Defendants. (Docket #1 at 11-13).  Under 20 U.S.C. § 1681(a), a party seeking to prove discrimination on the basis of sex must show that her "educational experience was 'permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive [so as] to alter the conditions of the victim's' educational environment." Doe v. Miami University, 882 F.3d 579, 590 (6th Cir. 2018); *quoting* Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)(internal citations omitted).

There is no evidence that Plaintiff's proposed amendment violates the tenets of Foman or its Sixth Circuit progeny.  There is no allegation of undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment.  Any delay can be attributed to the timeline of discovery.  As more information is unearthed, amendment of the Complaint is warranted to fit the evolving factual bases for the

allegations. Precedent holds that the standard for amendment is liberal, and the right to amend should be freely granted.

The information provided by Ms. Carlson helps Plaintiff to prove the existence of such an atmosphere. Plaintiff, by her own admission, does not seek to bring claims for Ms. Carlson, which would be barred based on lack of standing. In seeking to prove a pervasive environment of sexual harassment and discrimination, Plaintiff will presumably need to show multiple instances of inappropriate behavior on the part of WKU or its agents. Ms. Carlson's claims help Plaintiff to do so.

Defendants' arguments regarding Federal Rule of Civil Procedure 12(b)(6) are inapplicable. Rule 12(b)(6) only applies to pleadings that fail to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b). Here, there is no allegation that the pleadings do not state plausible causes of action. Defendant misapplies the standard in their argument. Again, Plaintiff, by her own admission, do not seek to bring claims on behalf of Ms. Carlson, she seeks to use the similarities of her case to Plaintiff's to show an atmosphere of sexual harassment in SGA at WKU, as is necessary for her Title IX claims.

For these reasons, leave is GRANTED for Plaintiff to file Amendment 1.

### Amendment 2: Defendant Anderson's Investigation

Plaintiff's second proposed amendment seeks to include information about her contact, or lack thereof, with Defendant Anderson regarding her claims of sexual harassment. (Docket #32-2 at 14). She seeks to include this information, as it may show that WKU had notice of the sex-based discrimination suffered by Plaintiff, as is required by her Title IX claim. (Docket #35 at 3-4). Defendants counter that the amendment should not be allowed, as they allege that the proposed amendment is not grounded in fact and is made in bad faith. (Docket 34 at 5).

Both parties point to various pieces of evidence, including emails between Defendant Anderson and Plaintiff Dahmer, as well as Plaintiff Dahmer's deposition. In her email to Plaintiff Dahmer, Defendant Anderson writes "It has come to my attention, through a couple of different sources, that you may have personally experienced some inappropriate behavior of a sex or gender-based nature." (Docket #34-2 at 1). The email requests an opportunity to discuss these allegations. (Id.). A week later, Defendant Anderson followed-up on this email, asking Plaintiff Dahmer to give her a call. (Id. at 2). Plaintiff alleges that she attempted to call Defendant Anderson back, but never received a return call, though she left no voicemail. (Docket #34-3 at 1-3).

At her deposition, Plaintiff Dahmer was asked about this email conversation. She stated that she delayed returning Defendant Anderson's call. (Docket #35-1 at 145-48). She states that her reason for the delay was that the she believed Defendant Anderson was calling in reference to another incident of misconduct, this time involving a member of the WKU Board of Regents. (Id. at 151-52). She states that she was scared to report this conduct, as she did not want the report to impact her own role on the WKU Board of Regents as Student Regent. (Id. at 153).

The remedy for a factual dispute is not exclusion of information. Both parties allege different factual circumstances surrounding Defendants' notice of Plaintiff Dahmer's allegations. Nothing about this proposed amendment violates the standard set by the Supreme Court in Foman or the Sixth Circuit cases interpreting it. Given the differences in interpretation of these facts, the proper arbiter of truth here is the factfinder. For these reasons, leave is GRANTED for Plaintiff to file Amendment 2.

**Amendment 3: Retaliation by Defendant Caboni**

Plaintiff's final amendment contains a retaliation claim by Plaintiff against Defendant WKU. (Docket #32-2 at 14-17). Plaintiff alleges that Defendant Caboni refused to endorse her application for the Rhodes Scholarship, a prestigious and highly competitive academic scholarship. (Docket #34-1). Plaintiff alleges that Defendant Caboni originally said he would endorse her for the scholarship, then withdrew the endorsement following Plaintiff's sexual harassment claims against WKU. (Docket #35 at 4). When contacted regarding the withdrawn endorsement, Dr. Audra Jennings, WKU's Director of Scholar Development, told Plaintiff "I cannot discuss the matter with you. You should direct questions to your attorney." (Docket #35-3). Plaintiff was still endorsed for the Rhodes Scholarship by another WKU representative. (Docket #35 at 4).

Plaintiff argues that this amendment does not violate the standards of Foman or the case law of the Sixth Circuit, and that the liberal standard for amendment should allow her to amend her Complaint. (Id. at 4-5). Defendant responds that this retaliation claim does not meet the standards of Federal Rule of Civil Procedure 12(b), and that the amendment of the Complaint would cause undue prejudice to the Defendants, as they have already deposed Plaintiff, and will not get the opportunity to question her on these specific allegations. (Docket #34 at 8-9).

Title IX provides protection against retaliation to persons who have complained about gender discrimination. Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 173-74 (2005). To plead a prima facie case of retaliation, Plaintiff must show that: (1) she engaged in an activity protected by the discrimination statutes; (2) the exercise of her civil rights was known to the defendant; (3) thereafter, the defendant took employment/educational action adverse to the plaintiff; and (4) there was a causal connection between the protected activity and the adverse

action. <u>Finch v. Xavier Univ.</u>, 689 F.Supp.3d 955, 965 (S.D. Ohio, 2010) *citing* <u>Harrison v. Metropolitvan Gov't of Nashville and Davidson County, Tenn.</u>, 80 F.3d 1107, 1118 (6th Cir. 1996) *overruled on other grounds as recognized by* <u>Jackson v. Quanex Corp.</u>, 1919 F.3d 647, 667 (6th Cir. 1999).

Here, Plaintiff has clearly satisfied the pleading standard for elements (1) and (2) of a retaliation claim, the question is to elements (3) and (4). Plaintiff believes that Defendant WKU, through Caboni's actions as its agent, took action adverse to Plaintiff in withdrawing his endorsement. (Docket 35 at 4-5). Plaintiff believes "there is simply no other plausible explanation for his sudden withdrawal of the endorsement." (Docket #32-2 at 16). Elements (3) and (4) are well-plead to the point that they should survive a Rule 12(b)(6) motion to dismiss. This explanation, that Defendant Caboni, in retaliation for Plaintiff's claims, withdrew his endorsement, is plausible given the facts. It is also plausible that Plaintiff Dahmer's Rhodes Scholarship application was weakened by the lack of an endorsement from the President of her educational institution. Again, the standard for amendment is that it should be "freely given." <u>Foman</u>, 371 U.S. at 182. Given that Plaintiff has presented a plausible version of facts which supports a possible case for a retaliation claim under Title IX, amendment should be granted.

Defendants should not be unduly prejudiced by the amendment of the Complaint. To the extent that Defendants are concerned about their opportunity to depose Plaintiff on the retaliation claim, they should be given the opportunity to do so. Further, discovery is set to close on July 30, 2019, with dispositive/<u>Daubert</u> motions due on January 2, 2020. Given the time remaining in the discovery timeline, the Defendants have ample time to schedule a second deposition of Plaintiff, if necessary. For these reasons, Plaintiff is GRANTED leave to file Amendment 3.

### Defendant's Motion to Strike Reply

Defendants filed a Motion to Strike Plaintiff's Reply from the docket. (Docket #36). To support their position, Defendants cite the Local Rule 7.1(c), which provides the standard briefing schedule for cases filed in this Court. Plaintiff's filing was seven days late under the rule.

The Court believes a Reply is necessary to properly adjudicate Plaintiff's Motion for Leave to File a First Amended Complaint. Had Plaintiff not filed a Reply, the Court would have ordered her to do so. Further, the Court finds that the seven-day delay in this case did not prejudice the Defendants, nor do the Defendants provide an example of prejudice. This Court has previously denied parties' requests to strike pleadings based purely on untimeliness without allegations of bad faith or prejudice. Ingram v. Oasis Investments, LLC, 2017 WL 6508362 *1, *10 (W.D. Ky. December 19, 2017); *see also* Cooper v. Am. Employers' Ins. Co., 296 F.2d 303, 306 ("[Fed. R. Civ. P. 15(a)] gives effect to the principle that cases should, as far as possible, be determined on their merits and not on technicalities.").

For these reasons, Defendants' Motion to Strike Plaintiff's Reply is DENIED.

### Conclusion

For the reasons discussed above, Plaintiff's Motion for Leave to File a First Amended Complaint (Docket #32) is GRANTED and Defendant's Motion to Strike Reply (Docket #36) is DENIED.

March 15, 2019

**Lanny King, Magistrate Judge**
**United States District Court**